UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re RENAISSANCERE HOLDINGS LTD. SECURITIES LITIGATION : | Master File No. 1:05-cv-06764-WHP |
| : | <u>CLASS ACTION</u> |
| This Document Relates To: : | LEAD PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT |
| ALL ACTIONS. : | |

# TABLE OF CONTENTS

Page

**Table of Contents**

**Page**

I. PRELIMINARY STATEMENT ....................................................................................1

II. OVERVIEW OF THE LITIGATION ............................................................................3

III. THE PROPOSED STIPULATION AND AGREEMENT OF SETTLEMENT
AND PLAN OF ALLOCATION...................................................................................6

IV. THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL............6

V. A CLASS SHOULD BE CERTIFIED ..........................................................................7

VI. THE PROPOSED NOTICE TO THE CLASS MEMBERS, SUMMARY
NOTICE AND PROOF OF CLAIM FORM ARE ADEQUATE ....................................8

VII. PROPOSED SCHEDULE .............................................................................................9

VIII. CONCLUSION............................................................................................................10

## TABLE OF AUTHORITIES

Page

*Consol. Edison, Inc. v. Northeast Utils.*,
    332 F. Supp. 2d 639 (S.D.N.Y. 2004) ................................................................................. 9

*Detroit v. Grinnell Corp.*,
    495 F.2d 448 (2d Cir. 1974) ................................................................................................ 7

*In re Baldwin-United Corp.*,
    105 F.R.D. 475 (S.D.N.Y. 1984) ......................................................................................... 7

*In re Crazy Eddie Sec. Litig.*,
    824 F. Supp. 320 (E.D.N.Y. 1993) ...................................................................................... 7

*In re NASDAQ Mkt.-Makers Antitrust Litig.*,
    MDL No. 1023, 1997 U.S. Dist. LEXIS 20835
    (S.D.N.Y. Dec. 31, 1997) ................................................................................................ 2, 7

*In re Wash. Pub. Power Supply Sys. Sec. Litig.*,
    720 F. Supp. 1379, 1387 (D. Ariz. 1989), *aff'd sub nom.*
    *Class Plaintiffs v. Seattle*, 955 F.2d 1268 (9th Cir. 1992) .................................................. 7

*Klein ex rel. Ira v. PDG Remediation*,
    95 Civ. 4954, 1999 U.S. Dist. LEXIS 650
    (S.D.N.Y. Jan. 28, 1999) ...................................................................................................... 7

*Teachers' Ret. Sys. v. A.C.L.N., Ltd.*,
    No. 01-CV-11814(MP), 2004 U.S. Dist. LEXIS 8608
    (S.D.N.Y. May 14, 2004) .................................................................................................... 7

*Torrisi v. Tucson Elec. Power Co.*,
    8 F.3d 1370 (9th Cir. 1993) ................................................................................................. 7

*Weinberger v. Kendrick*,
    698 F.2d 61 (2d Cir. 1982) .................................................................................................. 9

**STATUTES, RULES AND REGULATIONS**

Federal Rules of Civil Procedure
    Rule 23 ................................................................................................................................. 8
    Rule 23(a) ........................................................................................................................ 8, 9
    Rule 23(e) ............................................................................................................................ 6

17 C.F.R.
    §240.10b-5 .......................................................................................................................... 4

**Page**

**SECONDARY AUTHORITIES**

*Manual for Complex Litigation* (4th ed. 2004)
  §21.632................................................................................................................................7
  §21.633................................................................................................................................8

**I.     PRELIMINARY STATEMENT**

Lead Plaintiffs submit this memorandum in support of the Parties' motion for an order granting preliminary approval of the proposed settlement of this securities class action, which provides for a settlement consisting of $13,500,000 in cash.

This litigation involves claims against RenaissanceRe Holdings Ltd. ("RenaissanceRe" or the "Company") and certain of its officers by purchasers of RenaissanceRe common stock during the period April 22, 2003 through July 25, 2005, inclusive (the "Class Period"). Defendants made statements that were false and misleading and represented to the investing public that RenaissanceRe could generate stable and consistent earnings despite being involved in reinsurance, which was considered a volatile and risky segment of the insurance market. The lawsuit claims that Defendants orchestrated a scheme involving a transaction that had no economic substance and engaged in intentional earnings manipulation through the use of future risk insurance to "smooth" and defer approximately $26.2 million in earnings from 2001 to 2002 and 2003. Lead Plaintiffs alleged that it was ultimately necessary for RenaissanceRe to restate over three years of its financial results due to their material misstatement. Lead Plaintiffs further alleged that as a result of Defendants' conduct, the price of RenaissanceRe common stock was artificially inflated throughout the Class Period. Defendants have denied and continue to vigorously deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged. They deny and continue to deny they have committed any violations of law or engaged in any wrongful act, whether as alleged or otherwise and deny the Class suffered any damages.

By this motion, the parties seek preliminary approval of the settlement of the litigation and in connection therewith entry of an order providing:

    1.     certification of a Class for settlement purposes only;

2. approval of the form of notice describing the terms of the settlement; Class Members' rights with respect thereto; the proposed release of claims against the Released Parties and Lead Plaintiffs and the Class; the proposed Plan of Allocation of settlement proceeds; the request for an award of attorneys' fees and reimbursement of expenses to Plaintiffs' Counsel; and the procedures for filing Proof of Claim forms; and

3. setting the date for the hearing to consider final approval of the settlement and the foregoing matters.

The proposed $13.5 million cash settlement is a very good result under the circumstances present here, especially considering Defendants' potential defenses as to materiality and loss causation.

For purposes of this motion for preliminary approval, the issue before the Court is whether the settlement is within the range of what *might* be approved as fair, reasonable and adequate in order to justify mailing and publishing notice of the settlement, and scheduling a final hearing. "Where the proposed settlement appears to be the product of serious, informed, non-collusive negotiations . . . and falls within the range of possible approval, preliminary approval should be granted." *In re NASDAQ Mkt.-Makers Antitrust Litig.*, MDL No. 1023, 1997 U.S. Dist. LEXIS 20835, at *22 (S.D.N.Y. Dec. 31, 1997). The Court is not required at this point to make a final determination regarding the reasonableness of the settlement, and no Class Members' substantive rights will be prejudiced by preliminary approval.

Lead Plaintiffs and Co-Lead Counsel are fully conversant with the strengths and weaknesses of this case, and thus can readily evaluate the risks associated with the continued litigation, as well as the fairness of its resolution at this time. Lead Plaintiffs submit that the proposed settlement is an outstanding result for, and is in the best interests of, the Class. The settlement was the result of

arm's-length negotiations and warrants preliminary approval for purposes of notifying Class Members.

## II. OVERVIEW OF THE LITIGATION

Beginning on July 27, 2005, the following seven actions were filed against RenaissanceRe and the Defendants in the United States District Court for the Southern District of New York alleging violations of the Securities Exchange Act of 1934, as amended ("Exchange Act") and of the Securities Act of 1933, as amended ("Securities Act"):

> *Lillian Winston 1993 Trust v. RenaissanceRe Holdings Ltd., et al.*, 05 CV 6764 (WHP);
>
> *Brock v. RenaissanceRe Holdings Ltd., et al.*, 05 CV 6820;
>
> *Gompertz v. RenaissanceRe Holdings Ltd., et al.*, 05 CV 7017;
>
> *Garber v. RenaissanceRe Holdings Ltd., et al.*, 05 CV 7232;
>
> *Drywall Acoustic Lathing and Insulation Local 675 Pension Fund v. RenaissanceRe Holdings Ltd., et al.*, 05 CV 7359 (WHP);
>
> *Kadagian v. RenaissanceRe Holdings Ltd., et al.*, 05 CV 7525 (WHP); and
>
> *District No. 9, I.A. of M. & A.W. Pension Trust v. RenaissanceRe Holdings Ltd., et al.*, 05 CV 7835 (WHP).

The above-referenced actions, including any claims that were, could have been or might have been asserted or consolidated in the above-referenced actions, are individually and collectively thereinafter referred to as the "Action."

On December 19, 2005, the Court entered the Parties' Joint Stipulation and [Proposed] Order Regarding Consolidation, Appointment of Lead Plaintiffs and Approval of Selection of Lead Counsel consolidating all of the above-referenced actions, appointing Lead Plaintiffs and appointing

Lerach Coughlin Stoia Geller Rudman & Robbins LLP and Schiffrin & Barroway, LLP[1] as Co-Lead Counsel ("Consolidation Order").

On February 14, 2006, Lead Plaintiffs filed the Consolidated Amended Class Action Complaint (the "CAC") asserting that the Defendants made misstatements and omissions of material fact in press releases and financial statements filed with the Securities and Exchange Commission ("SEC") concerning RenaissanceRe's business, which caused RenaissanceRe's stock price to be artificially inflated during the Class Period, in violation of Sections 10(b), 20(a) and 20A of the Exchange Act and Rule 10b-5, promulgated thereunder.

On June 19, 2006, the Settling Defendants filed motions to dismiss the CAC. Lead Plaintiffs filed a memorandum in opposition to the motions to dismiss on August 25, 2006, and the Settling Defendants filed memoranda in reply on September 20, 2006.

On September 27, 2006, the SEC filed a complaint against defendants Stanard, Merritt and Cash. Thereafter, Lead Plaintiffs requested and were granted leave to file an amended complaint to take into account certain allegations that had been set forth in the SEC complaint.

On December 4, 2006, Lead Plaintiffs filed the Second Amended Consolidated Class Action Complaint ("SAC").

On February 14, 2007, Co-Lead Counsel, counsel for RenaissanceRe, and representatives of RenaissanceRe's insurers, attended a mediation session presided over by the Honorable Layn R. Phillips, a former federal district judge. At that mediation, the participants reached the terms of a resolution of the Action embodied in the Stipulation of Settlement dated as of April 13, 2007 (the "Stipulation").

---

[1]     Schiffrin & Barroway, LLP is now known as Schiffrin Barroway Topaz & Kessler, LLP.

Each Defendant vigorously denies any wrongdoing whatsoever and that the Lead Plaintiffs or the Class has suffered any damage, but nonetheless desires to settle the Action in order to avoid the time, expense, distraction and inconvenience of litigation. This Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession by any party of any infirmity in the defenses asserted, or any infirmity in the claims asserted. The Parties to the Stipulation recognize, however, that the Action is being voluntarily settled after receiving advice of counsel, and that the terms of the settlement are fair, adequate and reasonable.

Co-Lead Counsel have conducted an extensive investigation relating to the claims and the underlying events and transactions alleged in the SAC. Co-Lead Counsel's investigation included: (i) review of RenaissanceRe's SEC filings, regulatory filings and reports, securities analysts' reports and advisories about the Company, press releases, other public statements issued by the Company; (ii) review of media reports about the Company; (iii) interviews with certain individuals; and (iv) review of materials provided by RenaissanceRe to the SEC.

Lead Plaintiffs, by their counsel, have conducted discussions and arm's-length negotiations with counsel for the Settling Defendants with respect to a compromise and settlement of the Action with a view to settling the issues in dispute and achieving the best relief possible consistent with the interests of the Class.

Based upon their investigation set forth above, Co-Lead Counsel have concluded that the terms and conditions of the accompanying Stipulation are fair, reasonable and adequate to Lead Plaintiffs and the Class, and in their best interests, and have agreed to settle the claims raised in the Action pursuant to the terms and provisions of the accompanying Stipulation, after considering: (a) the benefits that Lead Plaintiffs and the members of the Class will receive from the settlement of the

Action; (b) the attendant risks of litigation; and (c) the desirability of permitting the settlement to be consummated as provided by the terms of the Stipulation.

### III. THE PROPOSED STIPULATION AND AGREEMENT OF SETTLEMENT AND PLAN OF ALLOCATION

On February 14, 2007, Co-Lead Counsel, counsel for RenaissanceRe, and representatives of RenaissanceRe's insurers attended a mediation presided over by a retired federal district judge. The negotiations were hard fought and, at all times, at arm's length. After substantial efforts by the Parties, they were able to reach a proposed settlement. That settlement consists of $13.5 million in cash. This is a very good result for the Class under the circumstances.

In drafting the proposed Plan of Allocation of the settlement proceeds (set forth in the proposed notice to be sent to Class Members informing them of the terms of the settlement), Co-Lead Counsel took into account their theory of damages when calculating the impact on the price of RenaissanceRe common stock of various statements made by Defendants, and the portion of the price declines associated with those statements that were related to the actionable claims asserted in the SAC.

Accordingly, the proposed settlement and Plan of Allocation warrant preliminary approval by this Court so that Lead Plaintiffs can inform the Class of their terms.

### IV. THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL

Rule 23(e) of the Federal Rules of Civil Procedure provides that before a class action may be dismissed or compromised, notice must be given in the manner directed by the court, and judicial approval must be obtained. Fed. R. Civ. P. 23(e). At the final approval hearing, the Court will have before it extensive papers submitted in support of the proposed settlement and will be asked to make a final determination as to whether the settlement is fair, reasonable and adequate under all of the circumstances surrounding the Action. Here, however, Lead Plaintiffs request only that the Court

grant preliminary approval in order to authorize notifying Class Members of the terms of the settlement, and of their opportunity to be heard regarding the settlement at the hearing where final approval of the settlement will be considered.

The test for granting preliminary approval is whether the proposed settlement is "'at least sufficiently fair, reasonable and adequate to justify notice to those affected and an opportunity to be heard.'" *NASDAQ*, 1997 U.S. Dist. LEXIS 20835, at *24 (quoting *In re Baldwin-United Corp.*, 105 F.R.D. 475, 482 (S.D.N.Y. 1984)). *See Manual for Complex Litigation* §21.632 (4th ed. 2004). Here the proposed $13.5 million settlement easily satisfies that standard.

The proposed settlement is an excellent result, and is well within the range of reasonableness. *See Klein ex rel. Ira v. PDG Remediation*, 95 Civ. 4954 (DAB), 1999 U.S. Dist. LEXIS 650, at *9 (S.D.N.Y. Jan. 28, 1999) (approving settlement that was 21% of the potential recovery); *In re Crazy Eddie Sec. Litig.*, 824 F. Supp. 320 (E.D.N.Y. 1993) (approving settlement that was only 6% of the potential recovery). *See also Detroit v. Grinnell Corp.*, 495 F.2d 448, 455 n.2 (2d Cir. 1974) ("[T]here is no reason, at least in theory, why a satisfactory settlement could not amount to a hundredth or even a thousandth part of a single percent of the potential recovery."); *Teachers' Ret. Sys. v. A.C.L.N., Ltd.*, No. 01-CV-11814(MP), 2004 U.S. Dist. LEXIS 8608, at *15 (S.D.N.Y. May 14, 2004) (citing *Grinnell*, 495 F.2d at 455). *Accord Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993); *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 720 F. Supp. 1379, 1387 (D. Ariz. 1989), *aff'd sub nom. Class Plaintiffs v. Seattle*, 955 F.2d 1268 (9th Cir. 1992). Accordingly, preliminary approval of the $13.5 million settlement should be granted and notice to the Class Members permitted.

## V.     A CLASS SHOULD BE CERTIFIED

In connection with granting preliminary approval of the settlement, the Court should also certify a Class in this Action, defined as follows:

all persons who purchased RenaissanceRe common stock between April 22, 2003 through July 25, 2005, inclusive. Excluded from the Class are: Defendants, members of the Defendants' immediate families, and their legal representatives, heirs, successors and assigns, and any entity in which any Defendant had a controlling interest during the Class Period. Also excluded from the Class are any putative Class Members who exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Reimbursement of Expenses and Settlement Hearing.

The courts routinely certify settlement classes in complex class actions arising under Rule 23 of the Federal Rules of Civil Procedure. Here, the proposed Class satisfies all the criteria for a class certification under Federal Rule of Civil Procedure Rule 23(a) and (b). First, the claims of the Lead Plaintiffs arise from purchases of RenaissanceRe common stock during the Class Period (as evident from certificates filed in connection with the motions for appointment of lead plaintiff), and thus are typical of the Class they seek to represent. Second, there are numerous Class Members, evident by the 72 million RenaissanceRe common shares outstanding during the Class Period. Third, the tenacity Co-Lead Counsel has demonstrated in achieving this settlement clearly evidences their ability to adequately represent the Class. Fourth, there are common questions concerning RenaissanceRe's issuance of materially misleading statements and their inflationary impact on the price of the Company's stock that predominate over any individual issues of law and fact.

## VI. THE PROPOSED NOTICE TO THE CLASS MEMBERS, SUMMARY NOTICE AND PROOF OF CLAIM FORM ARE ADEQUATE

Federal Rule of Civil Procedure Rule 23(e)(2) requires that class members receive notice of any proposed settlement before final approval by the court. *Manual for Complex Litigation, supra,* §21.633, at 321-22. Lead Plaintiffs respectfully submit that the proposed notices, which are annexed as Exhibits A-1 and A-3 to the Order for Notice and Hearing, submitted herewith, are adequate. If approved by the Court, the notice in the form of Exhibit A-1, along with the Proof of Claim form in the form of Exhibit A-2, will be sent by first-class mail to each Class Member identified from

RenaissanceRe's transfer records as purchasers of the Company's common stock during the Class Period. In addition, summary notice in the form of Exhibit A-3 will be published in *Investor's Business Daily* within seven (7) business days of the mailing of the notice.

As required by Federal Rule of Civil Procedure Rule 23(c)(2), the notices will inform Class Members of the claims alleged in the Action, the terms of the proposed settlement and their rights as Class Members to opt out or object to the $13.5 million cash settlement, or otherwise object to the Plan of Allocation of settlement proceeds and/or the proposed attorneys' fees and expenses. *See Consol. Edison, Inc. v. Northeast Utils.*, 332 F. Supp. 2d 639, 652 (S.D.N.Y. 2004) ("'Due process requires that the notice to class members "fairly apprise the . . . members of the class of the terms of the proposed settlement and of the options that are open to them in connection with [the] proceedings."'") (citations omitted). *Weinberger v. Kendrick*, 698 F.2d 61, 70 (2d Cir. 1982).

Lastly, as part of the preliminary approval of the settlement, Lead Plaintiffs also respectfully request the appointment of A.B. Data, Ltd. ("A.B. Data") as Claims Administrator. As Claims Administrator, A.B. Data will be responsible for, among other things, mailing and publishing the notices to the Class, reviewing claims, compiling a distribution schedule, and filing tax returns for the Settlement Fund. A.B. Data has extensive experience in settlement administration and will adequately fulfill its duties in this case.

## VII.   PROPOSED SCHEDULE

Lead Plaintiffs propose the following schedule:

| | |
|---|---|
| Notice Mailed to Class Members | 10 days from Preliminary Approval ("Notice Date") |
| Summary Notice published | 7 days from Notice Date |
| Last day to request exclusion from or object to settlement | 45 days from Notice Date |
| Date by which to file papers in support of settlement, Plan of Allocation and request for | 7 calendar days prior to final approval hearing |

attorneys' fees and expenses

| | |
|---|---|
| Final Approval Hearing | Approximately 70 days from Notice Date, at the Court's convenience |
| Last day for Class Members to file Proof of Claim forms | 90 days from Notice Date |

This schedule is similar to those used in numerous class action settlements and provides due process to Class Members with respect to their rights concerning the settlement.

## VIII.  CONCLUSION

Lead Plaintiffs request approval of the motion for an order preliminarily approving the proposed settlement, directing notice be sent to all Class Members and summary notice to be published, and setting a hearing date for final approval.

DATED:  April 16, 2007

Respectfully submitted,

LERACH COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN (SR-7957)
DAVID A. ROSENFELD (DR-7564)
MARIO ALBA, JR. (MA-7240)

             s/ Samuel H. Rudman
            SAMUEL H. RUDMAN

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

LERACH COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
WILLIAM S. LERACH
DARREN J. ROBBINS
ELLEN GUSIKOFF STEWART
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

SCHIFFRIN, BARROWAY, TOPAZ
  & KESSLER, LLP
MARC A. TOPAZ
RICHARD A. MANISKAS
TAMARA SKVIRSKY
280 King of Prussia Road
Radnor, PA  19087
Telephone:  610/667-7706
610/667-7056 (fax)

Co-Lead Counsel for Plaintiffs

S:\Settlement\RenaissanceRe.set\BRF PREL APPROVAL 00040962.doc

CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 16, 2007.

s/ Samuel H. Rudman
SAMUEL H. RUDMAN

LERACH COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
E-mail:SRudman@lerachlaw.com

# Mailing Information for a Case 1:05-cv-06764-WHP

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Mario Alba , Jr**
  malba@lerachlaw.com,drosenfeld@lerachlaw.com,e_file_ny@lerachlaw.com

- **John J. Clarke , Jr**
  john.clarke@dlapiper.com

- **George T Conway , III**
  GTConway@wlrk.com

- **Ken Laves Hashimoto**
  ken_hashimoto@aporter.com

- **Christopher J. Keller**
  ckeller@labaton.com,ElectronicCaseFiling@labaton.com

- **Ashley H. Kim**
  ashley@spornlaw.com

- **James D. Mathias**
  james.mathias@dlapiper.com

- **Steven Robert Paradise**
  sparadise@velaw.com

- **Jonathan M. Plasse**
  jplasse@labaton.com,electroniccasefiling@labaton.com

- **Samuel Howard Rudman**
  srudman@lerachlaw.com,e_file_ny@lerachlaw.com

- **Shelley Thompson**
  sthompson@labaton.com,electroniccasefiling@labaton.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Anne P. Davis
Arnold & Porter LLP
555 Twelfth Street, NW
Washington, DC 20004-1206
```

Lummis, Merritt, Riker and Stanard

**Scott B. Schreiber**
Arnold & Porter
Thurman Arnold Building
555 Twelfth Street, N.W.
Washington, DC 20004-1206

**Robert Alexander Schwartz**
Arnold & Porter LLP
555 Twelfth Street, NW
Washington, DC 20004-1206