```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
In Re:                             :     Master File No.
                                   :     05 Civ. 6764 (WHP)
RENAISSANCERE HOLDINGS LTD.        :
SECURITIES LITIGATION              :
                                   :     MEMORANDUM & ORDER
-----------------------------------X
                                   :
This Document Relates to:          :
ALL ACTIONS                        :
                                   :
-----------------------------------X
```

WILLIAM H. PAULEY III, District Judge:

On September 10, 2007, this Court preliminarily approved a settlement of all claims in this action and certified the class for settlement purposes. Lead Plaintiffs, District No. 9, I.A. of M. & A.W. Pension Trust, Pension Trust Fund for Operating Engineers, and Joseph Moss ("Lead Plaintiffs") now move for: (1) final approval of settlement of the instant action for $13.5 million; (2) approval of the plan of allocation; (3) final certification of the class for settlement purposes; and (4) an award of attorney's fees in the amount of 25% of the settlement plus reimbursement of expenses. For the following reasons, the motion for final approval of the settlement and plan of allocation is granted, the motion for final class certification is granted, and the motion for attorney's fees and reimbursement of expenses is granted in part and denied in part.

BACKGROUND

This securities class action originally consisted of seven separate actions, the first of which was filed on July 27, 2005. By Order of this Court, dated December 19, 2005, the actions were consolidated into a single litigation. Lead Plaintiffs are represented by Schiffrin

Barroway Topaz & Kessler, LLP and Coughlin Stoia Geller Rudman & Robbins LLP ("Class Counsel"). In a Consolidated Amended Complaint filed on February 14, 2006, Plaintiffs alleged that Defendants RenaisanceRe Holdings Ltd. and certain of its officers made false and misleading statements to the public when they claimed that RenaissanceRe could generate stable and consistent earnings despite the fact that it was involved in reinsurance, which is an inherently risky and volatile segment of the insurance market. (Consolidated Amended Complaint ("Compl.") ¶ 10.) Plaintiffs further alleged that Defendants orchestrated a sham transaction and engaged in other misconduct to manipulate RenaissanceRe's financial disclosures. (Compl. ¶ 10.)

On June 19, 2006 Defendants moved to dismiss the Consolidated Amended Complaint. Plaintiffs opposed the motion on August 25, 2006, and Defendants filed a reply on September 20, 2006. One week later, however, the SEC filed a complaint against several of the Individual Defendants in this action. (Second Consolidated Amended Complaint ¶ 60.) Thereafter, this Court granted Plaintiffs an opportunity to file a Second Consolidated Amended Complaint to incorporate various allegations from the SEC actions. The Second Consolidated Amended Complaint was filed on December 4, 2006.

On February 14, 2007, counsel for all parties participated in a mediation conference before former federal district judge Layn R. Phillips. (Joint Declaration of Kay Sickles and Samuel H. Rudman, dated January 3, 2008 ("Co-Lead Counsel Decl.") ¶ 24.) At that mediation, the parties agreed to the terms of a settlement, which was later memorialized in a Stipulation of Settlement dated April 13, 2007. The settlement provides for a payment of $13.5 million in cash in exchange for a release of all claims against Defendants. (Co-Lead Counsel Decl. ¶ 3.) On September 10, 2007, this Court preliminarily approved a settlement of all claims

in this action and certified the class for settlement purposes. A total of 52,843 copies of the Notice of Proposed Settlement of Class Action, Motion for Attorney's Fees and Reimbursement of Expenses (the "Notice") were mailed to potential class members. (Co-Lead Counsel Decl. ¶ 4.) This Court received no objections to the settlement, plan of allocation, or to an award of attorney's fees not to exceed 30% of the settlement.

## DISCUSSION

I. Final Approval of Settlement

A district court must determine whether both the negotiating process leading to a settlement and the settlement itself are fair, adequate and reasonable. See D'Amato v. Deutsche Bank, 235 F.3d 78, 85 (2d Cir. 2001). Where a settlement is the "product of arm's length negotiations conducted by experienced counsel knowledgeable in complex class litigation," the negotiation enjoys a "presumption of fairness." In re Austrian and German Bank Holocaust Litig., 80 F. Supp. 2d 164. 173-74 (S.D.N.Y. 2000). Class Counsel has extensive experience with class actions, and this Court has no doubt that the settlement was the result of arm's length negotiations. Accordingly, the Court finds that the negotiating process was fair, adequate, and reasonable.

In City of Detroit v. Grinnell Corp., 495 F.2d 448, 463 (2d Cir. 1974), the Second Circuit identified nine factors for the Court to consider in determining whether a settlement is substantively fair, adequate and reasonable:

> (1) the complexity, expense and likely duration of the litigation, (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed, (4) the risks of establishing liability, (5) the risks of establishing damages, (6) the risks of maintaining the class action through the trial, (7) the ability of the defendants to withstand a greater judgment, (8) the

range of reasonableness of the settlement fund in light of the best possible recovery, (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

This Court has previously analyzed the proposed settlement in light of these factors and, for the reasons set forth on the record at the September 10, 2007 hearing, preliminarily determined that the settlement is fair, adequate, and reasonable. Since then no class member has filed an objection to the settlement. Thus, the second Grinnell factor — the reaction of the class to the proposed settlement — weighs in favor of approval. See In re PaineWebber P'shps. Litig., 171 F.R.D. 104, 126 (S.D.N.Y. 1997) (noting that the absence of objections may itself be taken as evidence of the fairness of a settlement). Counsel have also submitted various declarations affirming that the parties complied fully with the notice procedure specified in the Court's September 12, 2007 Order. Accordingly, the Court has no reason to reconsider its findings at the preliminary approval stage, and the Court affirms and adopts all of those findings for purposes of final approval.

For the foregoing reasons, as well as those set forth on the record on September 10, 2007, this Court grants the motion for final approval of the settlement.

II. Plan of Allocation

"To warrant approval, the plan of allocation must meet the standards by which the . . . settlement was scrutinized — namely, it must be fair and adequate." Maley v. Del Global Techs. Corp., 186 F. Supp. 2d 358, 367 (S.D.N.Y. 2002). An allocation formula need only have a reasonable, rational basis, particularly if recommended by experienced and competent class counsel. Maley, 186 F. Supp. 2d at 367.

The plan of allocation proposed by the parties has been crafted by competent counsel. It provides for a pro rata allocation of settlement proceeds based on the proportional losses suffered by each individual class member. The plan of allocation also takes into account when individual class members purchased and sold their common stock. The Court has received no objection to the plan of allocation, it was negotiated at arm's length, and its features are consistent with other plans that have been approved in this district. See, e.g., In re Veeco Instruments Sec. Litig., No. 05 MDL 01695 (CM), 2007 WL 4115809, at *13-14 (S.D.N.Y. Nov. 7, 2007); In re Global Crossing Sec. & ERISA Litig., 225 F.R.D. 436, 463 (S.D.N.Y. 2004); AOL Time Warner, Inc. Sec. & ERISA Litig., No. 02 Civ. 5575, MDL No. 1500, 2006 WL 903236, at *17-18 (S.D.N.Y. Apr. 6, 2006).

Accordingly, the Court grants the motion for approval of the plan of allocation.

III. Certification of Class for Settlement Purposes

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for the reasons set forth on the record on September 10, 2007, this Court certifies the proposed class, all persons who purchased RenaisanceRe common stock between April 22, 2003 and July 25, 2005, inclusive, for purposes of the settlement.

IV. Attorney's Fees and Expenses

In calculating a reasonable attorney's fee, this Court has discretion to choose between the lodestar method and the percentage of recovery method. In re WorldCom, Inc. ERISA Litig., No. 02 Civ. 4816, 2005 WL 3101769, at *7 (S.D.N.Y. Nov. 21, 2005). However, "[t]he trend in this Circuit is toward the percentage method, which directly aligns the interests of

the class and its counsel and provides a powerful incentive for the efficient prosecution and early resolution of litigation." WorldCom, 2005 WL 3101769, at *7 (quoting Wal-Mart Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d 96, 121 (2d Cir. 2005)). Even where the percentage method is used, the lodestar method remains useful as a "cross-check on the reasonableness of the requested percentage." Goldberger v. Integrated Resources, Inc., 209 F.3d 43, 47, 50 (2d Cir. 2000). Under either method, the Court is guided by the following criteria: (1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations. Goldberger, 209 F.3d at 50.

Under the percentage of recovery method, the Court considers the Goldberger factors and sets a percentage of the settlement as a fee. Goldberger, 209 F.3d at 47; Savoie v. Merchants Bank, 166 F.3d 456, 460 (2d Cir. 1999). In Goldberger, the Second Circuit rejected a 25% recovery as a benchmark and instructed that a "fee award should be assessed based on scrutiny of the unique circumstances of each case." Goldberger, 209 F.3d at 51-53. Consequently, the percentage recoveries approved in this district fall within a wide range. See, e.g., Goldberger, 209 F.3d 43 (affirming the district court's award of 4% of a $54 million settlement); In re Elan Sec. Litig., 385 F.Supp.2d 363 (S.D.N.Y. 2005) (awarding 12% of a $75 million settlement); In re Veeco Instruments Inc. Sec. Litig., No. 05 MDL 01695(CM), 2007 WL 4115808 (S.D.N.Y. Nov. 7, 2007) (awarding 30% of a $5.5 million fund).

Under the lodestar method, the Court scrutinizes the fee petition to ascertain the number of hours reasonably billed to the plaintiff and multiplies that figure by an appropriate hourly rate and a multiplier. Goldberger, 209 F.3d at 47; Savoie, 166 F.3d at 460. As with the percentage of recovery method, courts in this district have applied a wide range of multipliers.

See, e.g., Goldberger, 209 F.3d 43 (affirming the district court's decision to apply no multiplier); In re NTL Sec. Litig., No. 02 Civ. 3013 (LAK), 2007 WL 1294377 (S.D.N.Y. May 2, 2007) (awarding a 15% recovery of a $9 million settlement, which resulted in a .42 multiplier); Maley, 186 F. Supp. 2d at 371 (finding a 4.65 multiplier "fair and reasonable").

Class Counsel seeks a 25% recovery of the $13.5 million settlement, or $3.375 million. This amount would compensate for a total of 1,527 attorney-hours worked and 531 hours worked by supporting professionals. (Co-Lead Counsel Decl. Ex. 3: Declaration of David Kessler, dated January 2, 2008 ("Kessler Decl.") ¶ 4; Ex. 4: Declaration of Samuel H. Rudman, dated January 4, 2008 ("Rudman Decl.") ¶ 4.) Based on these hours, a $3.375 million fee yields a blended hourly rate of approximately $1,640 per hour. The 2,058 hours worked yields a lodestar of $892,086 and, therefore, a $3.375 million award requires a 3.78 multiplier. (Co-Lead Counsel Decl. ¶ 51.)

Before turning to each of the Goldberger factors, this Court notes that Class Counsel's lodestar includes hours billed by twelve partners, even though the majority of the work was done by only three partners. (Kessler Decl. ¶ 4; Rudman Decl. ¶ 4.) In addition, the hourly rates used to calculate the lodestar represent current hourly rates and include an hourly rate for paralegals that is as high as $270 per hour, an expensive rate for paralegals. (Kessler Decl. ¶ 4; Rudman Decl. ¶ 4.)

As to the first Goldberger factor, Class Counsel's time and effort was spent: (1) investigating the allegations; (2) drafting and filing the Consolidated Amended Complaint; (3) responding to a motion to dismiss; (4) drafting and filing the Second Consolidated Amended Complaint after the Securities and Exchange Commission ("SEC") filed complaints against several of the individual defendants; (5) engaging in settlement negotiations; (5) participating in

a one-day mediation that resulted in the $13.5 million settlement; and (6) in connection with the settlement, reviewing 98,000 pages of documents the company had produced to the SEC. No formal discovery was conducted. Class Counsel will also likely spend some additional hours after final approval of the settlement working with class members through the claims process.

The second Goldberger factor requires the Court to consider the complexities and magnitude of the litigation. As this Court has previously noted, this is a complex securities case. (Transcript of Proceedings, dated September 10, 2007 at 14.) However, there are no particularly novel factual or legal issues involved.

The third Goldberger factor, the risk of the litigation, is "perhaps the foremost factor to be considered in determining whether to award an enhancement." Goldberger, 209 F.2d at 54 (internal citations and quotations omitted). In this litigation, the risks were fairly low. "Because all but a small percentage of securities class actions result in settlements, securities class actions generally pose only a small risk of non-recovery." NTL, 2007 WL 1294377, at *7 (internal quotations omitted). In addition, the risk of non-recovery was particularly small here because the Consolidated Amended Complaint was filed after federal investigations were commenced. See Elan, 385 F. Supp. 2d at 375 (the existence of a parallel SEC investigation would pressure the defendant to settle).

As to the fourth Goldberger factor, the quality of representation, this Court recognizes that Class Counsel have provided extremely high-quality representation.

The fifth Goldberger factor requires the Court to consider the relationship of the requested fee to the settlement. The $13.5 million settlement represents a recovery of 16% of the damages calculated by Lead Plaintiffs' damage expert. (Co-Lead Counsel Decl. ¶ 27.) A 25% attorney's fee award will leave Plaintiffs less than $10 million after reimbursement of expenses.

Based on the number of Notices that were mailed, this amount will be shared by over 52,000 Plaintiffs, resulting in a small recovery for each Plaintiff.

The sixth <u>Goldberger</u> factor requires the Court to consider public policy considerations. While public policy favors "the award of reasonable attorney's fees in class action securities litigation," courts must also "guard against providing a monetary windfall to class counsel to the detriment of the plaintiff class." <u>NTL</u>, 2007 WL 1294377, at *8 (internal quotations omitted).

Weighing all of these factors, the Court finds a 25% award and a 3.78 multiplier to be unreasonable. The Court applies a 1.5 multiplier to the $892,086 lodestar, which results in a $1,338,129 award, a recovery of approximately 10%.[1] This award should more than adequately compensate Class Counsel for its time and effort, for the modest risk it faced in this case, and for the high quality of its representation. Additionally, Class Counsel's use of current billing rates compensates them for the delay in payment. <u>Goldberger</u>, 209 F.3d at 54.

V. <u>Reimbursement of Expenses</u>

Class Counsel also seeks reimbursement of $150,953.31 in litigation expenses. "Attorneys may be compensated for reasonable out-of-pocket expenses incurred and customarily charged to their clients." <u>Mitland Raleigh-Durham v. Myers</u>, 840 F. Supp. 235, 239 (S.D.N.Y. 1993). Having reviewed Class Counsel's submissions in support of its application, the Court is satisfied that the expenses incurred were reasonable. Accordingly, the motion for reimbursement of $150,953.31 in litigation expenses is granted.

---

[1] This Court's fee award reflects the "unique circumstances of [this] case," <u>see</u> <u>Goldberger</u>, 209 F.3d at 53, and does not provide precedent for other cases before this Court.

CONCLUSION

For the foregoing reasons, the motion for final approval of the settlement and the plan allocation is granted, the motion for final class certification is granted, and the motion for attorney's fees and reimbursement of expenses is granted in part and denied in part. The parties are directed to submit a proposed order consistent with this Memorandum and Order.

Dated:  January 18, 2008
        New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record*:

Samuel Howard Rudman, Esq.
Ellen Anne Gusikoff Stewart, Esq.
David A. Rosenfeld, Esq.
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
58 South Service Road, Suite 200
Melville, NY  11747
*Co-Lead Counsel*

Kay E Sickles, Esq.
Schiffrin & Barroway, LLP
290 King of Prussia Road
Radnor, PA  19087
*Co-Lead Counsel*

George T. Conway III, Esq.
Wachtell, Lipton, Rosen & Katz
51 West 52nd Street
New York, NY  10019
*Counsel for Defendant RenaissanceRe Holdings Ltd.*

Scott Schreiber, Esq.
Arnold & Porter LLP
555 Twelfth Street, NW
Washington, D.C.  20004
*Counsel for Defendant John Lummis*

Robert Plotkin, Esq.
McGuireWoods LLP
Washington Square
1050 Connecticut Avenue, N.W., Suite 1200
Washington, D.C.  20036
*Counsel for Defendant Martin Merritt*

John J. Clarke, Esq.
DLA Piper Rudnick Gray Cary US LLP
1251 Avenue of the Americas
New York, NY  10020
*Counsel for Defendant James Stanard*

Steven Paradise, Esq.
Vinson & Elkins LLP
666 Fifth Avenue
New York, NY  10103
*Counsel for Defendant William Riker*