UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------- x
In re RENAISSANCERE HOLDINGS LTD.   :   Master File No. 1:05-cv-06764-WHP
SECURITIES LITIGATION               :
                                    :   **ELECTRONICALLY FILED**
--------------------------------------------------------------- :
                                    :   CLASS ACTION
This Document Relates To:           :
                                    :   [PROPOSED] ORDER AWARDING
     ALL ACTIONS.                   :   ATTORNEYS' FEES AND EXPENSES
--------------------------------------------------------------- x

THIS MATTER having come before the Court on January 11, 2008, on the motion of Plaintiffs' counsel for an award of attorneys' fees and expenses incurred in the Action; the Court, having considered all papers filed and proceedings conducted herein, having found the settlement of this Action to be fair, reasonable and adequate and otherwise being fully informed in the premises and good cause appearing therefor; and the Court having issued a Memorandum and Order setting forth the Court's analysis of the settlement and the issues related thereto on January 18, 2008 (the "Memorandum and Order");

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. All of the capitalized terms used herein shall have the same meanings as set forth in the Stipulation of Settlement dated as of April 13, 2007 (the "Stipulation").

2. This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all members of the Class who have not timely and validly requested exclusion.

3. Counsel for the Lead Plaintiffs are entitled to a fee paid out of the common fund created for the benefit of the Class. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478-79 (1980). In class action suits where a fund is recovered and fees are awarded therefrom by the court, the Supreme Court has indicated that computing fees as a percentage of the common fund recovered is the proper approach. *Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984). The Second Circuit recognizes the propriety of the percentage-of-the-fund method when awarding fees. *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 121 (2d Cir. 2005).

4. Co-Lead Counsel and their para-professionals have expended 2,058 hours in prosecuting this case, resulting in a lodestar of $892,086.

5. Co-Lead Counsel have moved for an award of attorneys' fees of 25% of the Settlement Fund. The Court-appointed Lead Plaintiffs have approved the fee request at this level.

6. This Court adopts the percentage-of-recovery method of awarding fees in this case, and concludes that the percentage of the benefit is the proper method for awarding attorneys' fees in this case.

7. Weighing the factors set forth below, the Court hereby awards attorneys' fees in the amount of $1,338,129 from the Settlement Fund, plus interest accrued since funding at the same rate as earned on the Settlement Fund.

8. In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered each of the applicable factors set fort in *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000). As set forth in the Court's Memorandum and Order, in evaluating the *Goldberger* factors, the Court finds that:

   (a) As to the first *Goldberger* factor, Class Counsel's time and effort was spent: (1) investigating the allegations; (2) drafting and filing the Consolidated Amended Complaint; (3) responding to a motion to dismiss; (4) drafting and filing the Second Consolidated Amended Complaint after the Securities and Exchange Commission ("SEC") filed complaints against several of the individual defendants; (5) engaging in settlement negotiations; (5) participating in a one-day mediation that resulted in the $13.5 million settlement; and (6) in connection with the settlement, reviewing 98,000 pages of documents the company had produced to the SEC. No formal discovery was conducted. Class Counsel will also likely spend some additional hours after final approval of the settlement working with class members through the claims process;

(b) With respect to the second *Goldberger* factor, this is a complex securities case. (Transcript of Proceedings, dated September 10, 2007 at 14). However, there are no particularly novel factual or legal issues involved;

(c) As to the third *Goldberger* factor, in this litigation, the risks were fairly low. "Because all but a small percentage of securities class actions result in settlements, securities class actions generally pose only a small risk of non-recovery." *In re NTL Sec. Litig.*, No. 02 Civ. 3013 (LAK), 2007 WL 1294377, at *7 (S.D.N.Y. May 2, 2007) (internal quotations omitted). In addition, the risk of non-recovery was particularly small here because the Consolidated Amended Complaint was filed after federal investigations were commenced. *See In re Elan Sec. Litig.*, 385 F. Supp. 2d 363, 375 (S.D.N.Y. 2005) (the existence of a parallel SEC investigation would pressure the defendant to settle);

(d) As to the fourth *Goldberger* factor, the quality of representation, Class Counsel have provided extremely high-quality representation;

(e) With respect to the fifth *Goldberger* factor, the $13.5 million settlement represents a recovery of 16% of the damages calculated by Lead Plaintiffs' damage expert. A 25% attorneys' fee award would leave Plaintiffs less than $10 million after reimbursement of expenses. Based on the number of Notices that were mailed, this amount will be shared by over 52,000 Plaintiffs, resulting in a small recovery for each Plaintiff; and

(f) As to the sixth *Goldberger* factor, while public policy favors "the award of reasonable attorney's fees in class action securities litigation," courts must also "guard against providing a monetary windfall to class counsel to the detriment of the plaintiff class." *NTL*, 2007 WL 1294377, at *8 (internal quotations omitted).

9. Said fees shall be allocated among Plaintiffs' Counsel by Lead Plaintiffs' counsel in a manner which, in their good faith judgment, reflects each counsel's contribution to the institution, prosecution and resolution of the Action.

10. For the reasons set forth in the Court's Memorandum and Order, the Court hereby awards expenses in an aggregate amount of $150,953.31, plus interest accrued since funding at the same rate as earned on the Settlement Fund.

11. The awarded attorneys' fees and expenses, and interest earned thereon, shall be paid to Lead Plaintiffs' counsel from the Settlement Fund in conformity with the terms of the Stipulation and in particular ¶5.2 thereof, which terms are incorporated herein.

IT IS SO ORDERED.

SIGNED this 29 day of January, 2008

_____
THE HONORABLE WILLIAM H. PAULEY III
UNITED STATES DISTRICT JUDGE