UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
| | |
|---|---|
| In re RENAISSANCERE HOLDINGS LTD. SECURITIES LITIGATION | Master File No. 1:05-cv-06764-WHP |
| | **ELECTRONICALLY FILED** |
| This Document Relates To: | CLASS ACTION |
| ALL ACTIONS. | [PROPOSED] ORDER AND FINAL JUDGMENT |

---------------------------------------------------------------x

The Stipulation of Settlement dated as of April 13, 2007 (the "Stipulation"), of the above-captioned consolidated civil action (the "Action"), having been presented at the Settlement Hearing on January 11, 2008, pursuant to the Order for Notice and Hearing entered herein on September 12, 2007 ("Preliminary Approval Order"), which Stipulation was joined and consented to by Lead Plaintiffs and defendants RenaissanceRe Holdings Ltd. ("RenaissanceRe"), Michael W. Cash, John M. Lummis, Martin J. Merritt, William I. Riker and James N. Stanard (collectively, the "Parties") and which (along with the defined terms therein) is incorporated herein by reference.

The Court, having determined that notice of said hearing was given in accordance with the Preliminary Approval Order to members of the Class as certified by the Court in the Preliminary Approval Order, and that said notice was the best notice practicable and was adequate and sufficient; and the Parties having appeared by their attorneys of record; and the attorneys for the respective Parties having been heard in support of the Stipulation and the settlement of the Action as between Lead Plaintiffs and the Settling Defendants provided therein (the "Settlement"); and an opportunity to be heard having been given to all other persons desiring to be heard as provided in the notice; and the entire matter of the Settlement having been considered by the Court; and a Memorandum and Order setting forth the Court's analysis of the proposed Settlement having been issued by the Court on January 18, 2008 (the "Memorandum and Order");

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The Court, for purposes of this Order and Final Judgment, adopts all defined terms as set forth in the Stipulation and incorporates the terms of the Stipulation by reference herein.

2. The Court has jurisdiction over the subject matter of the Action, the Lead Plaintiffs, the other members of the Class, and the Settling Defendants.

3. The Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Reimbursement of Expenses and Settlement Hearing (the "Notice") has been given to the Class (as defined hereinafter), pursuant to and in the manner directed by the Preliminary Approval Order, proof of the mailing of the Notice was filed with the Court by Co-Lead Counsel, and full opportunity to be heard has been offered to all Parties, the Class, and persons in interest. The form and manner of the Notice is hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of Federal Rule of Civil Procedure 23, and it is further determined that all members of the Class are bound by the Judgment herein.

4. Pursuant to Federal Rule of Civil Procedure 23:

(a) the Court specifically finds that (i) the Class, as defined below, is so numerous that joinder of all members is impracticable, (ii) there are questions of law and fact common to the Class, (iii) the claims of the Lead Plaintiffs are typical of the claims of the Class, and (iv) the Lead Plaintiffs will fairly and adequately protect the interests of the Class;

(b) the Court finds that Lead Plaintiffs and Co-Lead Counsel have adequately represented the interests of the Class with respect to the Action and the claims asserted therein;

(c) the Court finds that the questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that the class action is superior to other available methods for the fair and efficient adjudication of the controversy; and

(d) this Action is hereby certified as a class action on behalf of all persons who purchased the common stock of RenaissanceRe from April 22, 2003 through July 25, 2005, inclusive (the "Class"). Excluded from the Class are: Defendants, members of the Defendants' immediate

families, and their legal representatives, heirs, successors and assigns, and any entity in which any Defendant had a controlling interest during the Class Period. Also excluded from the Class are any putative Class Members who excluded themselves by submitting a request for exclusion in accordance with the requirements set forth in the Notice (*see* Exhibit 1 attached hereto).

5. For the reasons set forth in the Court's Memorandum and Order, the Settlement, and all transactions preparatory or incident thereto, is found to be fair, reasonable, adequate, and in the best interests of the Class, and it is hereby approved. The Parties are hereby authorized and directed to comply with and to consummate the Settlement in accordance with its terms and provisions; and the Clerk of this Court is directed to enter and docket this Judgment in the Action.

6. This Judgment, the Stipulation and all negotiations, statements, and proceedings in connection herewith shall not, in any event, be construed or deemed to be evidence of an admission or concession on the part of the Lead Plaintiffs, any Defendant, any member of the Class, or any other person, of any liability or wrongdoing by them, or any of them, and shall not be offered or received in evidence in any action or proceeding (except an action to enforce the Stipulation and Settlement contemplated hereby), or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that Lead Plaintiffs, any member of the Class, any present or former stockholder of RenaissanceRe, or any other person, has or has not suffered any damage.

7. Upon the Effective Date of this Settlement, Lead Plaintiffs and all members of the Class on behalf of themselves and each of their heirs, executors, administrators, successors and assigns, and any persons they represent, shall, with respect to each and every Settled Claim, fully, finally and forever release, relinquish and discharge, any and all Settled Claims against any and all of the Released Parties.

8. Upon the Effective Date of this Settlement, Lead Plaintiffs and each of the Class Members on behalf of themselves and each of their heirs, executors, administrators, successors and assigns, and any persons they represent shall be forever enjoined from (i) commencing or prosecuting any and all Settled Claims against any and all of the Released Parties, and (ii) assisting in any way any third party in commencing or prosecuting any suit relating to any Settled Claim against any and all of the Released Parties, including any derivative suit; provided, however, that Lead Plaintiffs shall not be personally liable for any breach of this paragraph by any other Class Member.

9. Upon the Effective Date of this Settlement, each of the Settling Defendants, on behalf of themselves and the Released Parties, shall release and forever discharge each and every of the Settled Defendants' Claims, and shall forever be enjoined from prosecuting the Settled Defendants' Claims.

10. "Released Parties" means the Defendants, any and all of them, and any and all of their respective and collective past and present subsidiaries, affiliates, parents, successors, predecessors, estates, assigns, officers, directors, employees, shareholders, agents, heirs, executors, families, legal representatives, trustees, attorneys, insurers, reinsurers, advisors, investment advisors, auditors, actuaries, accountants, creditors, administrators, successors-in-interest and assigns, and any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has or had a controlling interest or that is related to or affiliated with any of the Defendants.

11. "Settled Claims" means any and all claims, debts, demands, rights or causes of action or liabilities, whether based on federal, state, local, statutory or common law or any other law, rule or regulation of the United States of America, any state or political subdivision thereof, or Bermuda or any other foreign country or jurisdiction, whether known or unknown (including "Unknown

Claims"), suspected or unsuspected, fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class, individual or derivative in nature, that were, could have been or might have been asserted in the Action or any forum in connection with, arising out of, related to, based upon, in whole or in part, directly or indirectly, any allegation, transaction, fact, matter, occurrence, representation, action, omission, or failure to act that was alleged, involved, set forth, referred to or could have been alleged in the Action.

12. "Settled Defendants' Claims" means any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and unknown claims, that have been or could have been asserted in the Action or any forum by the Settling Defendants, or the successors and assigns of any of them against the Lead Plaintiffs, any of the Class Members or their attorneys, and that arise out of or relate in any way to the institution, prosecution, or settlement of the Action, except claims concerning the enforcement of the Settlement.

13. It is the intention of the Parties to extinguish all Settled Claims, and, consistent with such intention, the Class has waived its rights, to the extent permitted by law, under Section 1542 of the California Civil Code, or any other similar state law, federal law, or principal of common law, which may have the effect of limiting the releases set forth in ¶¶7-8 above. The releases ordered hereby extend to claims that the Lead Plaintiffs, the Class Members and the Released Parties do not know or suspect to exist as of the Effective Date of the Settlement as defined in the Stipulation which, if known, might have affected their decision regarding the releases contained in this Judgment. Lead Plaintiffs, the Class Members, and the Released Parties have acknowledged that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the releases, but have stated that it is their intention to fully,

finally, and forever settle and release any and all claims released hereby, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, and without regard to the subsequent discovery or existence of such additional or different facts.

14. The Court finds and concludes, pursuant to Section 21D(c)(1) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995, §§78u-4(c)(1), 77z-1(c)(1), that the Lead Plaintiffs, Co-Lead Counsel, Defendants, and Defendants' Counsel have complied with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion.

15. The Court finds that all persons within the definition of the Class have been adequately provided with an opportunity to remove themselves from the Settlement by executing and returning a "request for exclusion" in conformance with the terms of the Stipulation. All persons who have requested exclusion from this Settlement in the manner described in the Notice are not bound by this Judgment. All persons who have opted out of this Action are identified on Exhibit 1 attached hereto.

16. In the event that the Settlement fails to become effective in accordance with its terms, or if this Judgment is reversed, vacated, or materially modified on appeal (and, in the event of material modification, if any party elects to terminate the Settlement), this Judgment (except this Paragraph) shall be null and void, the Settlement, except for ¶11.4 of the Stipulation, shall be deemed terminated, and the Parties shall return to their pre-settlement positions as provided for in the Settlement, except that (1) any modifications, reversal, or vacation of the award of attorneys' fees and expenses to Co-Lead Counsel on appeal or in any further motions in this Court shall in no

way disturb or affect any other part of this Judgment, and (2) any further proceedings, whether in this Court or on appeal, related to the Plan of Allocation shall in no way disturb or affect any other part of this Judgment.

17. Only those Class Members filing valid and timely Proof of Claim and Release forms shall be entitled to participate in the Settlement and receive a distribution from the Net Settlement Fund. The Proof of Claim and Release form to be executed by the Class Members shall further release all Settled Claims against the Released Parties. All Class Members shall, as of the Effective Date, be bound by the releases set forth herein whether or not they submit a valid and timely Proof of Claim and Release form.

18. For the reasons set forth in the Court's Memorandum and Order, the Plan of Allocation is approved as fair and reasonable, and the Claims Administrator is directed to administer the Settlement in accordance with its terms and provisions.

19. Without affecting the finality of this Judgment in any way, the Court reserves exclusive and continuing jurisdiction over the Action, the Lead Plaintiffs, the Class, and the Released Parties for the purposes of: (1) supervising the implementation, enforcement, construction, and interpretation of the Stipulation, the Plan of Allocation, and this Judgment; (2) hearing and determining any application by Co-Lead Counsel for an award of attorneys' fees, costs, and expenses; and (3) supervising the distribution of the Settlement Fund.

SIGNED this 29 day of January 2008.

                                                  THE HONORABLE WILLIAM H. PAULEY III
                                                  UNITED STATES DISTRICT JUDGE