UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re RENAISSANCERE HOLDINGS LTD. SECURITIES LITIGATION | : Master File No. 1:05-cv-06764-WHP : : **ELECTRONICALLY FILED** : |
| This Document Relates To:<br><br>ALL ACTIONS. | : **CLASS ACTION** : : [~~PROPOSED~~] ORDER AUTHORIZING DISTRIBUTION OF NET SETTLEMENT FUND |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/15/10

Case 1:05-cv-06764-WHP   Document 95-2   Filed 01/20/2010   Page 2 of 6

WHEREAS, by its Order and Final Judgment dated January 29, 2008, this Court approved the terms of the Stipulation of Settlement dated as of April 13, 2007 (the "Stipulation") and the Plan of Allocation for distributing the settlement proceeds to Class Members; and

WHEREAS, this Court has directed the parties to consummate the terms of the Stipulation and Plan of Allocation; and

WHEREAS, pursuant to this Court's Order, the $13,500,000 cash settlement proceeds have been deposited into an interest-bearing account with the Court Registry Investment System ("CRIS") on behalf of the Class (the "Settlement Fund"); and

WHEREAS, as set forth in the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Reimbursement of Expenses and Settlement Hearing (the "Notice"), the deadline for Class Members to submit Proof of Claim and Release forms ("Proofs of Claim") to the claims administrator for the Settlement, A.B. Data Ltd's Class Action Administration Division ("A.B. Data"), in order to participate in the distribution of the Settlement Fund was January 4, 2008, which date was subsequently extended to July 14, 2008 pursuant to Order of the Court dated May 13, 2008; and

WHEREAS, in satisfaction of due process requirements, all Class Members who filed claims that were in any way ineligible or deficient were: (1) informed that their claims were ineligible or deficient; and (2) given opportunities to correct any deficiency prior to their claims being finally rejected, or to contest the determination as to the deficiency, by requesting a hearing before the Court; and

WHEREAS, the process of reviewing all Proofs of Claim has been completed; and

Case 1:05-cv-06764-WHP   Document 95-2   Filed 01/20/2010   Page 3 of 6

WHEREAS, Co-Lead Counsel now seek authorization to distribute the proceeds of the Settlement Fund to Authorized Claimants, after deduction of any taxes, fees and expenses previously approved by the Court or approved by this Order; and

WHEREAS, this Court has retained jurisdiction of this Action for the purpose of considering any further application or matter which may arise in connection with the administration and execution of the Settlement and the processing of Proofs of Claim and the distribution of the Net Settlement Fund to the Authorized Claimants;

NOW, THEREFORE, upon reading: (1) the Affidavit of Michelle M. La Count, Esq. (the "La Count Affidavit") of A.B. Data; (2) the Joint Declaration of Michael K. Yarnoff of Barroway Topaz Kessler Meltzer & Check, LLP (formerly, Schiffrin Barroway Topaz & Kessler, LLP) and Ellen Gusikoff Stewart of Coughlin Stoia Geller Rudman & Robbins, Co-Lead Counsel for Lead Plaintiffs and the Class; and upon all prior proceedings heretofore had herein, and after due deliberation, it is hereby

ORDERED, that the Settlement Fund be transferred from the CRIS account to A.B. Data for distribution to the Class; and it is further

ORDERED, that the administrative determinations of A.B. Data accepting the claims as indicated on the computer printout of accepted claims submitted and described in the La Count Affidavit, calculated under the proposed Plan of Allocation set forth in the Notice, including claims submitted after the Court-extended claims filing deadline of July 14, 2008, be and the same hereby are approved, and said claims are hereby accepted; and it is further

ORDERED, that the administrative determinations of A.B. Data rejecting the claims as indicated on the computer printout of rejected claims submitted with and described in the La

3

Count Affidavit be and the same hereby are approved, and said claims are hereby rejected; and it is further

ORDERED, that payment be made from the Settlement Fund to the Internal Revenue Service for the proper amount of taxes due and owing on the interest earned on the Settlement Fund while in escrow, if any; and it is further

ORDERED, that A.B. Data be paid the sum of $51,198.45 from the Settlement Fund as payment for the balance of its fees and expenses incurred and to be incurred in connection with the administration of the Settlement, including *inter alia*: disseminating notice to the Class, processing the Proofs of Claim received, preparing tax returns for the Settlement Fund, and preparing for the distribution of the settlement proceeds to the Class; and it is further

ORDERED, that the balance of the Settlement Fund after deducting payments previously allowed and set forth herein (the "Net Settlement Fund") shall be distributed to the Authorized Claimants listed on the computer printout submitted with the La Count Affidavit under the proposed Plan of Allocation in proportion to each Authorized Claimant's Recognized Claim as compared to the total Recognized Claims of all accepted claimants as shown on such printout; and it is further

ORDERED, that claimants whose *pro rata* share of the Net Settlement Fund is determined to be less than $10.00 be excluded from the distribution; and it is further

ORDERED, that the checks for distribution to the Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER DISTRIBUTION DATE." Co-Lead Counsel and A.B. Data are authorized to take appropriate action to locate and/or contact any Authorized Claimant who has not cashed his, her or its check within said time; and it is further

Case 1:05-cv-06764-WHP   Document 95-2   Filed 01/20/2010   Page 5 of 6

ORDERED, that, any funds remaining in the Net Settlement Fund six (6) months after the initial distribution of the Net Settlement Fund by reason of un-cashed checks, or otherwise, and after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, shall be used: (i) first to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants or to pay any late, but otherwise valid and fully documented claims received after the cut-off date used to make the initial distribution, provided that such distributions to any late post-distribution claimants meet all of the other criteria for inclusion in the initial distribution, (ii) second to pay any additional settlement administration fees and expenses, and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would received at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and making this second distribution, if such distribution is determined to be economically feasible by Co-Lead Counsel; and it is further

ORDERED, that, six (6) months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, A.B. Data shall take the steps necessary to transfer such funds to the United States Treasury; and it is further

ORDERED, that the Court finds that the administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise

Case 1:05-cv-06764-WHP   Document 95-2   Filed 01/20/2010   Page 6 of 6

involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Fund are barred from making any further claims against the Net Settlement Fund or the Released Parties beyond the amount allocated to them pursuant to this Order; and it is further

ORDERED, that A.B. Data is hereby authorized to destroy paper copies of Proofs of Claim and supporting documents not less than one (1) year after the final distribution of the Net Settlement Fund and to destroy electronic copies of the same not less than three (3) years after final distribution of the Net Settlement Fund; and it is further

ORDERED, that this Court retain jurisdiction over any further application or matter which may arise in connection with this Action; and it is further

ORDERED, that claims submitted after January 12, 2010 may not be accepted for any reason whatsoever.

Dated: _March 15_, 2010

_____
THE HONORABLE WILLIAM H. PAULEY III
UNITED STATES DISTRICT JUDGE

6